May 15, 2014

**BY ECF**
Honorable Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse, Courtroom 17A
500 Pearl Street
New York, New York 10007-1312

          Re:     Special Hagan v. City of New York , et. al
                   Docket No: 13 Civ. 1108 (JPO) (DCF)

Dear Judge Freeman:

      I am a pro se litigant in the above referenced matter. As per the case management conference held on May 9, 2014, I submit this letter with a list of documents that I respectfully propose should be sealed or deemed confidential.

      Generally, there is a strong presumption of public access to judicial documents and proceedings that is rooted both in the common law and the First Amendment. Equal Employment Opportunity Commission v. Kelley Drye & Warren LLP., No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545, at * 1, (S.D.N.Y. March 2, 2012); citing Lugosch v. Pyramid Co. of Ondondaga, 435 F.3d 110, 119-120 (2d Cir. 2006); see also Lytle v. JPMoran Chase, 810 F.Supp.2d 616. Pursuant to Federal Rules of Civil Procedure, the standard for entering into a protective order is **good cause**. Furthermore, any request for sealing must be **narrowly tailored** to achieve its aim of preserving the higher value at issue. Kelley Drye & Warren LLP, 2012 WL 691545 , at *4, citing Lugosch, 435 F.3d at 120, 124.

      It is also widely held that the party seeking to maintain the judicial documents under seal bears the burden of showing that higher values overcomes the presumption of public access. Equal Employment Opportunity Commission v. Kelley Drye & Warren LLP., 2012 WL 691545 at* 2, citing DiRusso v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). The Courts in this Circuit have conceded that Title VII cases are particularly hard to prove in the absence of a proverbial 'smoking gun' such as a discriminatory comment made by a hiring official. Mitchell v. National Railroad Passenger Corp., 208 F.R.D. 455, 459 (D.D.C. 2002). Necessarily, discovery in Title VII cases is broad. Similarly it has been found that documents used by parties moving for,

1

or opposing summary judgment should not remain under seal absent the most compelling circumstances.  <u>Lytle v. JP Morgan Chase,</u> 810 F.Supp. 2d 616 (S.D.N.Y. 2011); quoting <u>Joy v. North,</u> 692 F.2d 880, 893 (2d cir. 1982).[1]

      Defendant in <u>Lytle v. JPMorgan Chase</u> sought a protective order against a pro se litigant during the course of the parties' motion practice.  Like Defendants in the matter at hand, Defendants in the aforementioned case sought to seal all personnel data, including disciplinary and other adverse employment actions.  Despite the fact that the company typically designated such information confidential, the Court nevertheless held that such information was not necessarily private.  The Court then stated, that if such information were placed under protective order or sealed, then every employer accused of employment discrimination in federal court would presumably seek to have the names of any involved non-parties redacted from its court filings.  <u>Lytle v. JPMorgan Chase</u>, 810 F.Supp.2d 625 (2011).

      JPMorgan also sought to place the names of those who were interviewed as part of an investigation and email addresses placed under a protective order.  Overall, the court found the employer's generalized assertions wholly speculative and insufficient to overcome the presumption of public access.  <u>Id.</u> citing <u>Welsh v. City & County of S.F.,</u> 887 F.Supp. 1293, 1300 (N.D.Cal. 1995). ("disclosure to public of tapes and transcripts of witnesses interviewed during police commission's investigation of sexual harassment charges against police chief would not have chilling effect on disclosures by future witnesses in investigations, and the employer is not entitled to a protective order").  Again, like JPMC, the City seeks to redact the names of all current and former employees, who were interviewed in confidence, however the Court in <u>Lytle</u> noted that this Circuit has only recognized such confidentiality interests as a countervailing factor in the context of investigations conducted by law enforcement officials –not those of corporations investigating allegations of employee misconduct. Id.  citing Lugosch, 435 F.3d at 120.

      In light of the extensive case law in support of my contentions, it is highly disturbing that Defendants are seeking a protective order without motion practice or without bearing their burden of proof for that matter.  Even more, Defendants seem to be trying to obtain a protective order without citing a single case in which a court has recognized the confidentiality interests of employees who cooperated in an employer investigation of employee behavior.  Lytle, 810 F.Supp. 2d 615, 627 (S.D.N.Y. 2011).

      Nevertheless, in respect of the Court's Order and consistent with case law in this area, I propose that the following categories of documents should be placed under seal and or a confidentiality agreement:

---

[1] Defendants have moved for a Motion to Dismiss pursuant to Local Rule 56.2 and as such has submitted a motion equivalent to a motion for summary judgment.

2

      a) income tax returns
      b) financial statements and records
      c) documents that fall under the attorney client privilege
      d) medical documents
      e) social security numbers (except the last four digits)[2]

In closing, thank you for your time and consideration.

Respectfully,

/s/

Special Hagan,
Pro Se Litigant

Cc: via ECF
Mario G. Frangiose,
Assistant Corporation Counsel

---

[2] Equal Employment Opportunity Commission v. Kelley Drye & Warren LLP., No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545, at * 3, (S.D.N.Y. March 2, 2012)